**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CARLOS ROVERI ARTIAGAS-
ACOSTA,

    Defendant - Appellant.

No. 19-4142
(D.C. No. 2:19-CR-00237-DB-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **McHUGH** and **MORITZ**, Circuit Judges.
_____

Carlos Roveri Artiagas-Acosta pleaded guilty to reentry of a previously

removed alien in violation of 8 U.S.C. § 1326. He was sentenced to serve 48 months

in prison. Although his plea agreement contained a waiver of his appellate rights, he

filed a notice of appeal. The government has moved to enforce the appeal waiver in

the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir.

2004) (en banc) (per curiam).

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied because: (1) Mr. Artiagas-Acosta's appeal is within the scope of the appeal waiver; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice.

In response to the government's motion, Mr. Artiagas-Acosta, through counsel, states that "[he] does not dispute that his plea, along with his waiver of appeal rights, was knowingly and voluntarily entered." Resp. at 1. He also acknowledges that his appeal falls within the scope of the appeal waiver in his plea agreement. Finally, he states that "the record in this case does not disclose any reasonable basis for asserting that enforcement of the plea waiver 'would result in a miscarriage of justice' under the applicable standard." *Id*. (citing *Hahn*, 359 F.3d at 1325). Because Mr. Artiagas-Acosta concedes that his appeal waiver is enforceable under the standards set forth in *Hahn*, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam

2